# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

**CARLOS BROWN**,

        **Plaintiff,**

v.                                                 Case No. 16-CV-466

**DEBRA J. PATTERSON,**

        **Defendant.**

_____

## ORDER

Plaintiff Carlos Brown, who is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter is before me on plaintiff's motion to proceed without prepayment of the civil case filing fee (Docket #2) and for screening of his complaint (Docket #1).

**I. Plaintiff's Motion to Proceed without Prepayment of the Filing Fee**

The Prison Litigation Reform Act applies to this action because plaintiff was incarcerated at the time he filed his complaint. That Act gives courts discretion to allow prisoners to proceed with their lawsuits without prepaying the $350 filing fee, as long as they comply with certain requirements. 28 U.S.C. § 1915. One of those requirements is that the prisoner pay an initial partial filing fee. On April 22, 2016, I assessed an initial partial filing fee of $41.93. (Docket #5.) Plaintiff paid that fee on May 13, 2016. Accordingly, plaintiff may proceed with this lawsuit without prepaying the full filing fee. He may pay the remainder of the fee over time as set forth at the end of this decision.

## II. Screening of Plaintiff's Complaint

Federal law requires that I screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). I must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. § 1915A(b).

To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for a plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests*." Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, courts must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

Construing the complaint liberally, it appears that plaintiff is seeking two separate types of relief. First, he states that he is seeking "civil actions" and asks that I "assist [him] in serving justice against" the defendant. (Docket # 1 at 4–5). To the extent that this is a request for money damages against defendant, that type of relief is available under 42 U.S.C. § 1983. Additionally, plaintiff asks me "to make sure he get[sic] a fair appellate new trial." (Docket # 1 at 4). This appears to request relief available only under a claim for federal habeas review under 28 U.S.C. § 2254. I will treat these as separate claims and address them separately.

**A. § 1983 Claim**

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Vill. of N. Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). I am obliged to give plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

3

According to the complaint, defendant Debra Patterson is the lawyer who was appointed to represent plaintiff on the appeal of his conviction for First Degree Intentional Homicide while Using a Dangerous Weapon – Party to a Crime. Plaintiff states that defendant "did not effectively represent the plaintiff, Carlos Brown during his 'Appellate Procedure.'" (Docket #1 at 4.)

As previously noted, to state a claim under 42 U.S.C § 1983, a plaintiff must allege the deprivation of a right secured by the Constitution or the laws of United States. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 822 (7th Cir. 2009). In addition, the alleged deprivation must have been committed by a person acting under the color of state law, which means the person exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Id.*; *West v. Atkins*, 487 U.S. 42, 49 (1988). Attorneys working on behalf of a criminal defendant cannot be sued under § 1983 because they do not act under the color of state law; they are the adversary of the State. *Polk Cty. v. Dodson*, 454 U.S. 312, 318, 325 (1981); *see Swift v. Swift*, 556 Fed. Appx. 509, 510-11 (7th Cir. 2014); *see West v. Atkins*, 487 U.S. at 50. Even attorneys who are appointed are not acting under the color of state law. *See Polk*, 454 U.S. at 318 ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."). Thus, although plaintiff may be able to bring a malpractice claim under state law,[1] he has not adequately pled a § 1983 claim against defendant. Further, because defendant cannot be sued under § 1983 as a matter of

---

[1] This is not a determination or statement on the merits of any state law claim plaintiff may have.

law, allowing plaintiff to amend his complaint to attempt to cure this defect would be futile. Therefore, I will dismiss his § 1983 claim with prejudice for failure to state a claim.

**B. Habeas Claim**

As noted, plaintiff also appears to be seeking new trial. This type of relief is not available under § 1983. Rather, in order to have a verdict reversed and be afforded a new trial, a plaintiff must bring a petition for a writ of habeas corpus under 28 U.S.C. § 2254. However, I cannot convert plaintiff's § 1983 complaint into a habeas petition because the warden of the institution where plaintiff is confined, not his former appellate attorney, would be the proper defendant in a federal habeas case. *See Glaus v. Anderson*, 408 F.3d 382, 389–90 (7th Cir. 2005) (concluding that complaints are not amenable to conversion where the named defendant would not be the proper defendant in the converted case). Accordingly, to the extent that plaintiff seeks federal habeas relief, I will dismiss that claim without prejudice. *Id.*

I must notify plaintiff that: (1) I am not making a decision on the ultimate merit of any case plaintiff may choose to file; and (2) he may refile immediately under the proper legal label, subject to the normal rules such as those prohibiting frivolous lawsuits. *Id.*

### III. Conclusion

**NOW, THEREFORE, IT IS ORDERED** that plaintiff's motion for leave to proceed without prepayment of the filing fee (Docket #2) is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED**. Plaintiff's § 1983 claim is **dismissed with prejudice** for failure to state a claim. Further, plaintiff's request for federal habeas relief is **dismissed without prejudice**.

**IT IS ALSO ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from plaintiff's prisoner trust account the $308.07 balance of the filing fee by collecting monthly payments from plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). Payments shall be clearly identified by case name and number.

**IT IS FURTHER ORDERED** that copies of this order be sent to the warden of the institution where plaintiff is currently incarcerated.

Dated at Milwaukee, Wisconsin, this 30th day of May, 2016.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge